```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
LAUREN A. HOOKS,                                           :
                                                           :    **MEMORANDUM AND ORDER**
                                      Plaintiff,           :
                                                           :    15 Civ. 4231 (BMC)
            - against -                                    :
                                                           :
AUTO FIELD CORP.,                                          :
                                      Defendant.           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

At the initial status conference in this matter, the Court *sua sponte* raised the issue of whether it should exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367 on the ground that those state law claims dominate over plaintiff's single federal claim for $198. Having provided both parties with the opportunity to make submissions on this issue, the Court declines to exercise supplemental jurisdiction.

## BACKGROUND

The amended complaint contains nine claims for relief. The first alleges that when plaintiff purchased a used BMW from the defendant automobile dealer, defendant understated the applicable interest rate by .135%, causing plaintiff to pay an extra $198.[1] Plaintiff alleges that this violated the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 160 *et seq.*, and Regulation Z, § 226.2(a)(17).

The remaining eight claims for relief all arise under state law, and all but one of them have nothing to do with financing or federally required disclosures. They seek damages for

---

[1] It may actually be as much as $200, if one calculates it by applying the 10.5% interest rate to the $95 public official charge that was allegedly not properly disclosed. Of course, because the contract is still in repayment, plaintiff has not overpaid, at least not yet.

violation of the New York Lemon Law, N.Y. Gen. Bus. L. § 198-b; Breach of Express Warranty under New York UCC § 2-313; Breach of the Implied Warrant of Merchantability under N.Y. U.C.C. § 2-314; a violation of the Warranty of Serviceability under the New York Vehicle and Traffic Law § 417; revocation of acceptance under N.Y. UCC § 2-608; common law fraud; violation of the duty of good faith and fair dealing under N.Y. UCC § 1-304; and engaging in Deceptive Sales Practices under N.Y. Gen. Bus. L. § 349.

The common law fraud claim appears to allege that but for the $198 overcharge, plaintiff would not have purchased the vehicle (the total financed cost was over $45,000). The other state law claims arise out of allegations that after purchasing the car, plaintiff encountered a series of mechanical problems, which are set forth in great detail in the complaint. Plaintiff alleges that defendant refused to perform any repairs on the vehicle, and that she was forced to take it to an authorized BMW dealership to have it repaired at great expense. Plaintiff further alleges that even the authorized BMW dealership was unable to repair the car and that she is unable to drive it. She also alleges that defendant never gave her the key to the wheel locks and thus she cannot replace the worn out tires on it.

Even at this early stage of the case, it is clear that defendant sharply disputes the facts giving rise to plaintiff's state law claims. It contends that plaintiff only brought the car back to defendant for repairs on one occasion, and thereafter, without giving defendant a reasonable opportunity to effect the repairs, brought it to the BMW dealership, which apparently botched the repairs. It points out that while plaintiff has exhibited extensive records of the repairs attempted by the BMW dealership, neither defendant nor plaintiff has any documents showing that defendant was given an opportunity to work on the vehicle.

**DISCUSSION**

Under 28 U.S.C. § 1367(c), a federal district court has discretion to decline to exercise supplemental jurisdiction for a number of reasons. Included among those reasons is that the state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." This consideration is derived from the Supreme Court's seminal decision in United Mineworkers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1966). There, the Supreme Court gave three examples of when state law claims could be found to substantially predominate over federal claims: "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought . . . ." Id. at 727, 86 S. Ct. at 1139.

The mere enumeration of plaintiff's eight state law claims, as set forth above, is sufficient to show that they meet all of these criteria. The alleged defects in plaintiff's vehicle, the issue of whether plaintiff gave defendant a reasonable opportunity to effect repairs, the quality of the repairs done by the BMW dealership, and the remedy that plaintiff seeks for the alleged defect – full restitution – all present issues requiring substantial discovery that have nothing to do with her technical non-disclosure claim under TILA. And the TILA claim could hardly be more straightforward – the simple question is whether a $95 charge was properly disclosed. The main remedy if it wasn't is double damages, not restitution. The TILA claim can be resolved in a matter of weeks on cross-motions for summary judgment, with limited, if any, discovery, whereas the state law claims will require months of discovery and likely a trial. If there was ever a case where the federal law tail was wagging a state law dog, this is it.

Numerous courts have recognized that when state law claims overshadow federal claims to the extent they do here, it is appropriate for the court to decline to exercise supplemental jurisdiction. See Feezor v. Tesstab Operations Group, Inc., 524 F. Supp. 2d 1222, 1224 (S.D. Cal.

2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state law claims substantially predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2)."); Szendrey-Ramos v. First BanCorp, 512 F. Supp. 2d 81, 86 (D. P.R. 2007) (dismissing local law discrimination claims despite original jurisdiction over federal discrimination claims, because "[n]ot only do the P.R. law claims far outnumber the federal claims, but their scope also exceeds that of the federal claims. . . . [and] although some of the P.R. law claims mimic the federal claims . . . the remaining P.R. law claims . . . are distinct and each has its own elements of proof; proof that is not necessary to establish the Title VII claims."); Semi-Tech Litigation LLC v. Bankers Trust Company, 234 F. Supp. 2d 297, 301 (S.D.N.Y. 2002) ("The factual and legal questions unique to the common law claims against the moving defendants simply overwhelm any questions common to the [federal] claims."); Craig Lyle Ltd. Partnership v. Land O'Lakes, Inc., 877 F. Supp. 476 (D. Minn. 1995) (declining to exercise supplemental jurisdiction over state law nuisance and trespass claim based on original jurisdiction over federal Resource Conservation and Recovery Act claim).

Indeed, the distinction in issues and proof between plaintiff's TILA claim and her state law claims is so dramatic that it is questionable whether this Court even has supplemental jurisdiction to begin with under 28 U.S.C. § 1367. Subsection (a) states that a federal district court shall have jurisdiction over state law claims when they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff argues that it does because all of the claims arise out of the same "transaction," which she defines as the sale of the car. But that is an awfully broad definition of the case. Defining the "case" as did the Gibbs Court – as deriving from "a common nucleus of operative fact," 383 U.S. at 725, 86 S. Ct. 1130 – makes

4

apparent the distinction between plaintiff's federal claim and her numerous state law claims. Plaintiff's alleged TILA violation occurred when she defendant provided her with the allegedly inadequate disclosure document; her state law claims accrued some time thereafter, when defendant failed to adequately address her alleged problems with the BMW. If defendant had adequately addressed plaintiff's alleged problems with the car, she would still have her TILA claim, and the circumstances surrounding that claim would remain unaltered. There is thus very little overlap between those two nuclei of fact. See Semi-Tech, 234 F. Supp. 2d at 301 (original jurisdiction over Trust Indenture Act claim against trustee in giving inaccurate certifications did not confer supplemental jurisdiction tort claims against officers whose conduct made the certifications false).

Plaintiff points out that, by declining supplemental jurisdiction, she would have to bring two claims in two forums. That is only technically true. It presumes that plaintiff is actually interested in pursuing her $198 TILA claim for economic reasons as opposed to merely using it as means of bringing her $45,000 state law claims in federal court. If plaintiff does not want to pursue her federal claim, she does not have to. It will only cost her a fraction of what this controversy is really about.

This Court does not sit as a state court. Congress did not intend TILA to supply a $95

federal "hook" to turn it into one.  Counts 2 through 9 of the amended complaint are dismissed without prejudice to recommencement in state court.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 3, 2015